```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------X
                                         :
LILLIAN ROBERTS and MAF MISBAH UDDIN,    :      04 CIV. 7671 (DLC)
                                         :
              Plaintiffs,                :          MEMORANDUM
                                         :        OPINION & ORDER
        -v-                              :
                                         :
RAYMOND MARKEY, LOUIS A. SBAR, GENE      :
DeMARTINO, ALEX PARKERS, ROBERT          :
SCHIRMER, FAYE MOORE, VICTOR             :
EMANUELSON, EDNA M. WILLIAMS, MICKY      :
McFARLAND, LEONARD DAVIDMAN, JOHN        :
SOCHA, BARBARA HENDERSON, RALPH F.       :
CARBONE, PATRICK J. BAHNKEN, JUAN        :
FERNANDEZ, EDWARD W. HYSYK, MICHAEL      :
HOOD, and "JANE AND JOHN DOES" (said     :
names being false and fictitious as the  :
names of these other defendants are      :
unknown at this time),                   :
                                         :
              Defendants.                :
                                         :
-----------------------------------------X
```

DENISE COTE, District Judge:

    This dispute arises from a bitter struggle for control of
New York's largest municipal union, a struggle that has brought
several of the parties before this Court on repeated occasions.
Plaintiffs filed this action under 42 U.S.C. § 1981 and New York
State and City antidiscrimination statutes, claiming they were
discriminated against based on race, gender, and age when the
defendants, following a hotly contested election for control of
the union, voted to cut the salaries of both plaintiffs.  On
March 27, 2006, defendants' motion for summary judgment was
granted.  Roberts v. Markey, 04 Civ. 7671 (DLC), 2006 WL 770485
(S.D.N.Y. Mar. 27, 2006).  Plaintiffs filed a timely notice of
appeal but withdrew the appeal on June 28, 2006.  On July 26, the

1

defendants filed a motion for attorney's fees under 42 U.S.C. §
1988.  For the following reasons, the motion for attorney's fees
is denied.

The defendants seek award of attorney's fees pursuant to
Section 1988 on the ground that the plaintiffs' claims under
Section 1983 were meritless.  Rule 54(d)(2)(B), Fed. R. Civ. P.,
however, provides that "[u]nless otherwise provided by statute or
order of the court," a motion for attorney's fees "must be filed
and served no later than 14 days after entry of judgment."
Judgment for the defendants was entered on March 28, 2006.  The
fourteen-day time period in which they might seek attorney's fees
expired on April 11, 2006.  The defendants' fee application,
filed on July 27, 2006, is untimely.

Defendants argue that their motion for fees is not untimely
because the plaintiffs filed a notice of appeal on April 6, 2006.
A notice of appeal, however, "does not extend the time for filing
a fee claim based on the initial judgment."  Fed. R. Civ. P. 54,
advisory committee's notes (1993).  In fact, one of the reasons
for having a time limit on a fee motion is "to encourage a prompt
ruling on fees to facilitate a consolidated appeal on both the
merits and the attorneys' fee issue."  Tancredi v. Metro. Life
Ins. Co., 378 F.3d 220, 227 (2d Cir. 2004) (citing Fed. R. Civ.
P. 54, advisory committee's notes (1993)).

The defendants maintain that their application is timely
pursuant to Local Civil Rule 54.1.  This rule, however, allows
the taxing of specifically enumerated costs and does not

authorize the collection of attorney's fees. Indeed, the rule specifically provides that "[a]ttorney fees and disbursements and other related fees and paralegal expenses are not taxable except by order of the court." Local Civil Rule 54.1(c)(7). Defendants suggest that Local Civil Rule 54.1 preempts Rule 54, and many jurisdictions do have local rules that preempt the time limits in Rule 54. "The Southern District of New York," however, "has no such rule." Tancredi, 378 F.3d at 227. Contrary to defendants' contention that Local Civil Rule 54.1 is a new rule unavailable to the Tancredi Court, the rule has long been a part of the Local Civil Rules and has expressly been held not to preempt Rule 54's fourteen-day limit on attorney's fees motions. See Rosendale v. Iuliano, 99 Civ. 11701 (DLC), 2002 WL 2031564, at *2 (S.D.N.Y. Sept. 4, 2002); Slader v. Pearle Vision Inc., 199 F.R.D. 125, 126 (S.D.N.Y. 2001).

Defendants make no reference to any excusable neglect meriting extension of time to move for attorney's fees under Rule 6(b)(2), Fed. R. Civ. P., and they have presented no explanation for their delay in seeking attorney's fees. Therefore, defendants' motion for attorney's fees is denied.

SO ORDERED:

Dated:   New York, New York
         October 27, 2006

_____
                DENISE COTE
         United States District Judge

3